Sean Kim 1787-0
700 Richards St., Ste. 1
Honolulu, HI 96813
Telephone: (808) 383-2350
seankimlaw@gmail.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ARTHUR B. TOLENTINO, RICK V. PAULINO, JEANINE LUM, in their capacities as the Union Trustees of the Hawaii Sheet Metal Workers Training Fund, and SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 293, AFL-CIO,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL SAITO, GLENN SAITO, SAM FUJIKAWA, and KEVIN HIRAYAMA, in their capacities as the Employer Trustees of the Hawaii Sheet Metal Workers Training Fund, and SHEET METAL CONTRACTORS ASSOCIATION,<br><br>Defendants. | Case No. _____<br><br>(Employee Retirement Income Security Act, Labor Management Relations Act, Federal Arbitration Act)<br><br>COMPLAINT TO COMPEL ARBITRATION; SUMMONS |

## COMPLAINT TO COMPEL ARBITRATON

Plaintiffs Arthur B. Tolentino, Rick V. Paulino, and Jeanine Lum (collectively "Union Trustees"), in their capacities as the Union Trustees of the Hawaii Sheet Metal Workers Training Fund (the "Training Fund") and Sheet Metal Workers International Association, Local 293, AFL-CIO ("Union") (collectively "Plaintiffs"), hereby complain

of Defendants Paul Saito, Glenn Saito, Sam Fujikawa, and Kevin Hirayama (collectively, the "Employer Trustees"), in their capacities as the Employer Trustees of the Training Fund, and Sheet Metal Contractors Association ("Association") (collectively "Defendants"), as follows:

## Introduction

1. This is a petition brought by the Plaintiffs, who are the Union Trustees of the Hawaii Sheet Metal Workers Training Fund and Union, compelling Defendants to arbitrate a deadlock vote in accordance with the Training Fund Declaration of Trust. The Trust Agreement was established jointly by the Union and Association. Pursuant to the terms of the Trust Agreement, Plaintiffs seek an order directing the Defendants to arbitrate a deadlock and appointing Judge Michael Broderick (Ret.) as the arbitrator to hear the matter.

2. Plaintiffs bring this Petition to Compel Arbitration against Defendants under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and the Federal Arbitration Act, 9 U.S.C. § 4 and Section 501(a)(3) et seq. of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3).

In support of this petition, the Plaintiffs allege as follows:

## PARTIES

3. Arthur B. Tolentino, Rick V. Paulino, Jeanine Lum and Marc Rifknd are the Union Trustees of the Training Fund. The Training Fund is administered in Honolulu, Hawaii. The Union is a labor organization as defined under the Labor

2

Management Relations Act of 1947, as amended, 29 U.S.C. § 152. The Union is an unincorporated association doing business in the City and County of Honolulu, State of Hawaii.

4. All individual Plaintiffs reside in Hawaii.

5. Defendants Kevin Hirayama, Glen Saito, Paul Saito and Sam Fujikawa are the Employer Trustees of the Training Fund. On information and belief, the Association is a non-profit corporation representing employers in the State of Hawaii, doing business in the City and County of Honolulu, State of Hawaii.

6. All of the individual Defendants reside in Hawaii.

7. The Training Fund is a welfare fund within the meaning of ERISA § 3(1), 29 U.S.C § 1002(1). In conjunction with the Hawaii Joint Apprenticeship Training Committee, the Training Fund provides vocational training to its beneficiaries. The Training Fund is established and governed by the Restated Agreement and Declaration of Trust Establishing the Sheet Metal Workers Training Fund ("Trust Agreement"), which states in pertinent part: "Section 6. Voting Deadlocked. If the number of votes on any matter is deadlocked, the matter may be submitted to an impartial umpire mutually agreed upon by the Union and Association. If the Union and Association cannot agree upon the selection of a person as an impartial umpire, then the impartial umpire shall be selected by the chief judge of the United States District Court of Hawaii."

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction under ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f); and 28 U.S.C. § 1331 and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

9. Venue lies in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); and 28 U.S.C. §§ 1391(b)(1) and (2) and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

10. Personal jurisdiction exists over Defendants in that each of the Defendants resides and/or regularly transacts business in this District. Personal jurisdiction further exists pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), which provides that while an action may be filed in the district where the plan is administered, process may be served on a defendant in any other district where a defendant resides or may be found.

11. At all relevant times, Arthur Tolentino, Rick Paulino, Jeanine Lum and Marc Rifkind have been Training Fund's Union Trustees.

12. At all relevant times, Defendant Trustees have been the Training Fund's Employer Trustees.

13. The Union Trustees and Employer Trustees (collectively, the "Trustees" and, individually, a "Trustee") jointly administer the Fund at 1405 North King Street, Suite 40, Honolulu, HI 96817.

14. Under the Trust Agreement, each Trustee is entitled to one vote, and all

4

matters shall be determined by either: (a) a majority vote of all the Trustees voting at a Trustees meeting in which there is a quorum present; or (b) the unanimous vote of all Trustees if the vote occurs outside of an official meeting.

15. The Trustees are "fiduciaries" with respect to the Training Fund as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" of the Training Fund within the meaning of ERISA § 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

16. As fiduciaries, pursuant to ERISA §§ 502(a)(2) and (3), 29 U.S.C. §§ 1132(a)(2) and (3), and under the Trust Agreement, Plaintiffs Trustees are authorized to bring this action on behalf of the Training Fund, its participants, and beneficiaries. The Union is authorized to bring this action to enforce Section 6 of the Trust Agreement.

## Factual Allegations in Support of Relief Sought

17. At the May 25, 2023, meeting of the Trustees, a Union Trustee made the following motion to authorize the Training Fund to purchase a laser welding machine so that Training Fund could train apprentices and journeypersons on laser welding:

    A. Purchase one IPG Laser Welding Machine with grant from ITI:

| | |
|---|---:|
| One IPG Welding machine and accessories | $30,020.00 |
| ITI Grant to be reimbursed to HJAC | ($27,000.00) |
| Total cost after reimbursement | $3,020.00 |

    B. Send Welding Instructor Leon Acierto to Las Vegas for Laser Welding Training:

| | |
|---|---:|
| Round trip airfare up to $1,000.00 = | $1,000.00 |
| Six days expense reimbursement @ $125.00 x 6= | $750.00 |
| TOTAL= | $1,750.00 |

    C. Send Training Coordinator Burton Takafuji to Las Vegas for Laser Welding Training:

| | |
|---|---:|
| Round trip airfare up to   $1000.00 = | $1000.00 |
| Car rental up to $750.00 = | $ 750.00 |
| 6 days expense reimbursement @ $125.00 x 6  = | $ 750.00 |
| TOTAL= | $2,500.00 |

18.    However, the Motion resulted in a deadlocked vote by the Trustees because all the Employer Trustees voted against the Motion and all the Union Trustees voted for the Motion.

19.    Article V, Section 6 of the Trust Agreement provides that in the event of a deadlocked vote of the Trustees, the Union and Association and/or the Trustees shall select a neutral arbitrator to resolve the deadlock.

20.    By email dated June 27, 2023, the Union and Union Trustees demanded arbitration of the Motion before Arbitrator Broderick, an arbitrator who the Employer Trustees proposed to hear a prior deadlock dispute between the parties.

21.    By email dated June 27, 2023, Defendant Paul Saito, on behalf of the Employer Trustees and on information and belief, the Association, refused the Union and Union Trustees' demand to arbitrate.

## Count I

22.    As set forth above, the Employer Trustees are Trustees of the Training Fund and thus are fiduciaries with respect to the Training Fund as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

23.    As fiduciaries, the Employer Trustees owe the Trustees Fund and its

participants and beneficiaries extensive fiduciary duties including, but not limited to, discharging their duties with respect to the Training Fund "in accordance with the documents and instruments governing the plan" ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

24. The Trust Agreement is one of the documents and instruments governing the Training Fund.

25. Accordingly, the Employer Trustees are required to arbitrate the Motion under ERISA and the Association and/or Employer Trustees are required to select an arbitrator with the Union and/or Union Trustees.

26. The Employer Trustees are also required to arbitrate the Motion under Section 301 of the LMRA, 29 U.S.C. §185 and Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, and this Court has authority under those provisions to compel Defendants to arbitrate the Motion.

27. Plaintiffs seek relief as stated below.

## **PRAYER FOR RELIEF**

The Union and Union Trustees respectfully requests that this Court enter an order:

(A)   To compel the Association and Employer Trustees to arbitrate the dispute described in the Union and Union Trustees' demands for arbitration to Arbitrator Broderick;

(B)   Awarding Plaintiffs their attorneys' fees and costs incurred in this action pursuant to ERISA § 502(g)(1), 29 U.S.C §1132(g)(1).

(C)   Awarding Plaintiffs such other legal or equitable relief as the Court deems just and proper.

7

Dated: Honolulu, Hawaii, July 9, 2023

*/s/ Sean Kim*

Sean Kim
700 Richards St., Ste. 1
Honolulu, HI  96813
Telephone: (808) 383-2350
seankimlaw@gmail.com

*Attorney for Plaintiffs*